David E. Rogers (AZ Bar #019274)
Howard Sobelman (AZ Bar #015559)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ  85004-2202
Telephone: (602) 382-6000
Facsimile:  (602) 382-6070
E-mail:     drogers@swlaw.com
E-mail:     hsobelman@swlaw.com

And

Robert E. Lundquist (AZ Bar #003560)
Law Office of Robert E. Lundquist
510 East Eton Drive
Oro Valley, Arizona 85704
E-mail:     rlundqu@aol.com

Attorneys for Plaintiff Williams & Lake, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILLIAMS & LAKE, LLC, an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>KINETECH, LLC, an Indiana corporation doing business in Arizona; and MARK OLSON and JANE DOE OLSON, husband and wife,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, FALSE ADVERTISING AND UNFAIR COMPETITION**<br><br>(Jury Trial Requested) |

Plaintiff Williams & Lake, LLC ("W&L") for its Complaint against Kinetech, LLC ("Kinetech") alleges as follows:

1. W&L is a corporation organized under the laws of the State of Arizona and

16835968

1  having a place of business at 1001 East 17th Street, Suite 132, Tucson, Arizona, United
2  States 85719.

3    2.    Upon information and belief, Kinetech is an Indiana corporation, having its
4  principal place of business at 5960 Washington Blvd, Indianapolis, IN, United States
5  46220.

6    3.    Upon information and belief, Mark Olson and Jane Doe Olson, husband
7  and wife, are residents of Indiana.

8    4.    United States Patent No. 6,720,871 ("'the '871 patent") entitled
9  "Modulated Intensity Flasher For Vehicle Brake Light With Lockout" issued on April 13,
10  2004.

11    5.    A true and correct copy of United States Patent No. 6,720,871 is attached
12  hereto as Exhibit 1.

13    6.    United States Patent No. 6,943,677 (the "'677 patent") entitled "Modulated
14  Intensity Flasher For Vehicle Brake Light With Lockout" issued on September 13, 2005.

15    7.    A true and correct copy of United States Patent No. 6,943,677 is attached
16  hereto as Exhibit 2.

17    8.    United States Patent Nos. 6,720,871 and 6,943,677 are collectively referred
18  to herein as the "W&L Patents."

19    9.    Each of the W&L Patents is presumed valid.

20    10.   Each of the W&L Patents is in full force and effect.

21    11.   W&L is the exclusive licensee of the W&L Patents.

22    12.   As set forth in its "License and Assignment Agreement" dated April 16,
23  2012, W&L has the right to sue under the W&L Patents for injunctive relief and
24  monetary damages.

25    13.   W&L is in the business of, among other things, manufacturing, selling and
26  offering to sell devices for modulating brake lights.

27    14.   W&L sells and offers to sell the devices referenced in the preceding
28  paragraph in Arizona and throughout much of the United States.

15. W&L's devices for modulating brake lights are referred to herein as the "W&L devices."

16. The W&L devices fall within the scope of one or more claims of each of the W&L patents.

17. W&L includes the U.S. patent numbers for each of the W&L Patents on the W&L sales presentation materials promoting the W&L devices.

18. W&L includes the U.S. patent numbers for each of the W&L Patents on the W&L website located at www.safetyfirstbrakelight.com.

19. W&L includes the U.S. patent numbers for each of the W&L Patents on the glove box insert that is included in a car after one of the W&L devices is installed in the car.

20. Upon information and belief, Kinetech has and continues to manufacture, offer for sale, and sell devices for modulating brake lights.

21. Upon information and belief, Kinetech has and continues to offer for sale, and sell devices for modulating brake lights in Arizona and in other parts of the United States.

22. Upon information and belief, at least some of the Kinetech devices referenced in the two preceding paragraphs are sold under the name "Pulse," and were formerly sold under the name "Brake Safe."

23. The Kinetech devices referenced herein are collectively referred to herein as the "Pulse Products".

24. A true and correct copy of a Kinetech website advertisement for the Pulse Products is attached hereto as Exhibit 3.

25. A true and correct copy of a Kinetech presentation for car dealerships entitled "Pulse – Digital Brochure" for the Pulse Products is attached hereto as Exhibit 4.

26. Upon information and belief, Kinetech has and continues to be engaged in activity directly infringing one or more claims of the W&L Patents by manufacturing, selling and/or offering to sell its Pulse Products.

27. Upon information and belief, Kinetech's Pulse Products have no substantial uses other than those recited in at least some of the claims of the W&L Patents.

28. Upon information and belief, the use of the Pulse Products for their intended purpose necessarily results in infringement of the W&L Patents.

29. Kinetech and W&L are competitors.

30. Kinetech and W&L both sell their respective products to at least vehicle dealers, fleet dealers and are attempting to sell to motor vehicle manufacturers.

31. Kinetech stated in commercial advertising that the Pulse Products are "patent pending," which upon information and belief is incorrect, and in violation of 35 U.S.C. § 292 and caused, and continues to cause, W&L competitive injury.

32. Kinetech stated in commercial advertising that the Pulse Products are "DOT (meaning the Department of Transportation) Certified," along with using a government logo, which is not correct because no such certification by DOT exists.

33. Kinetech stated in commercial advertising that the Pulse Products are "NHTSA (meaning the National Highway and Traffic Safety Administration) Approved," along with using a government logo, which is not correct because no such approval by NHTSA exists.

**NATURE OF ACTION, JURISDICTION AND VENUE**

34. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101, et. seq., including 35 U.S.C. §§ 271, 281, 283, 284 and 292, the Lanham Act, 15 U.S.C. § 1051 et. seq., including 15 U.S.C. § 1125, and the laws of the State of Arizona.

35. Kinetech has engaged in and continues to engage in activity that, upon information and belief, infringes the W&L Patents.

36. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338 and 1367.

37. This Court has personal jurisdiction over Kinetech, and venue is proper in this judicial District pursuant to 28 U.S.C. §§ 1391 and 1400, because at least some of the acts complained of herein occurred in this District.

38. Upon information and belief, Kinetech has introduced its Pulse Products that infringe the W&L Patents into the stream of commerce with knowledge or the reasonable expectation that such Pulse Products would be sold or offered for sale in Arizona.

39. Kinetech has stated in commercial advertising available to relevant consumers in Arizona that its Pulse Products are patent pending, are DOT Certified and/or are NHTSA Approved.

40. Kinetech's Pulse Products have been and continue to be offered for sale and sold in Arizona.

41. A cease and desist letter dated February 25, 2013 was sent to Kinetech by W&L's attorney informing Kinetech of certain of the allegations set forth herein.

42. Prior to selling and offering for sale at least some of the Pulse Products in Arizona, Kinetech was aware of the W&L Patents. Kinetech was aware that W&L has rights to enforce the W&L Patents, and Kinetech was aware that W&L is located in Arizona.

43. Kinetech has intentionally and expressly directed its unlawful activities to an entity located in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### Background

44. The U.S. national highway safety laws restrict flashing lights to emergency vehicle use only; however, the third brake light may modulate or pulse.

45. W&L's devices include a solid state electronic device that connects to the electrical system of a car and causes the third brake light to modulate in response to activation of the car braking system.

46. W&L distributes in Arizona its W&L devices for modulating brake lights.

47. W&L sells and offers to sell its W&L devices in Arizona and throughout much of the United States.

48. W&L offers to sell and sells its W&L devices to at least car dealers.

49. Car dealers typically install one of the W&L devices in a car prior to selling the car.

50. Upon information and belief, Kinetech manufactures, offers to sell and sells its Pulse Products for modulating brake lights.

51. Upon information and belief, Kinetech offers to sell and sells Pulse Products to car dealers in Arizona and in other parts of the United States.

52. Upon information and belief, Kinetech had actual knowledge of W&L's devices prior to manufacturing, offering to sell and selling at least some of its Pulse Products.

53. Upon information and belief, Kinetech had actual knowledge of the existence of the W&L Patents prior to manufacturing at least some of its Pulse Products in the United States.

54. Upon information and belief, Kinetech had actual knowledge of the existence of the W&L Patents prior to offering to sell and selling at least some of its Pulse Products in the United States.

55. Upon information and belief, Kinetech had actual knowledge of the W&L Patents at least as a result of numerous email exchanges between the parties, and the cease and desist letter sent by W&L's attorney to Kinetech on February 25, 2013.

56. Kinetech's infringement of the W&L Patents after receiving actual knowledge of the W&L Patents and a charge of infringment, provided Kinetech actual knowledge of W&L's patents and allegation of infringement.

57. Upon information and belief, each of the Pulse Products performs a method for modulating a brake light signal intensity for improved indication of vehicle braking.

58. Upon information and belief, each of the Pulse Products detects voltage between a brake actuator switch line and electrical ground thereby detecting the state of braking of a vehicle.

59. Upon information and belief, each of the Pulse Products modulates light signal intensity of a signal enhancing brake lamp for a predetermined time interval.

60. Upon information and belief, each of the Pulse Products holds the light signal intensity constant for the remainder of the braking period.

61. Upon information and belief, each of the Pulse Products prohibits the light signal intensity modulation for a predetermined time interval following an initial braking event in order to avoid repetitive light signal modulation in stop and go traffic.

62. Upon information and belief, Kinetech's infringement occurred at least after receiving knowledge of the W&L Patents.

63. Kinetech states in commercial advertising that the Pulse Products are "patent pending," which on information and belief is incorrect, thereby causing W&L competitive injury.

64. Kinetech states in commercial advertising that the Pulse Products are "DOT (meaning the Department of Transportation) Certified," along with using a government logo, which is not correct because no such certification by DOT exists.

65. Kinetech states in commercial advertising that the Pulse Products are "NHTSA (meaning the National Highway and Traffic Safety Administration) Approved," along with using a government logo, which is not correct because no such approval by NHTSA exists.

## COUNT I

### Patent Infringement

66. W&L incorporates as fully restated herein each of the allegations and averments in the preceding paragraphs.

67. Upon information and belief, Kinetech has and continues to manufacture, offer to sell, and sell Pulse Products within the United States that infringe each of the W&L Patents.

68. Upon information and belief, at least some of Kinetech's actions were done with knowledge of the W&L Patents.

69. Upon information and belief, Kinetech's actions were done with knowledge that its Pulse Products infringe at least one claim of the W&L Patents.

- 7 -

16835968

70. W&L has no adequate remedy at law against Kinetech's acts.

71. Unless Kinetech is enjoined from its unlawful actions, W&L will continue to suffer irreparable harm.

## COUNT II

### False Advertising and Unfair Competition under 15 U.S.C. 1125

72. W&L incorporates as fully restated herein each of the allegations and averments in the preceding paragraphs.

73. Kinetech's claim that a patent is pending for its Pulse Products is materially false or misleading, since, upon information and belief, there is no such patent pending.

74. Kinetech's claim that its Pulse Products are DOT Certified is materially false or misleading, since there is no such certification by DOT.

75. Kinetech's claim that its Pulse Products are NHTSA Approved is materially false or misleading, since there is no such approval by NHTSA.

76. Kinetech's statements made in the preceding three paragraphs were on its internet site located at www.pulseprotects.com and/or in its advertising materials provided to customers and potential customers.

77. Kinetech's statements that the Pulse Products are patent pending, are DOT Certified and/or NHTSA Approved were made in commercial advertising.

78. Kinetech's claim that a patent is pending for its Pulse Products would have a tendency to deceive a substantial number of relevant consumers as to the quality of the Pulse Products, because it implies that their technology is unique.

79. Kinetech's claim that a patent is pending for its Pulse Products has a tendency to deceive its competitors because consumers and competitors would be less likely to copy the design of any of the Pulse Products, if they believed the Pulse Products could be protected by a patent in the future.

80. Kinetech's claim that its Pulse Products are DOT Certified and NHTSA Approved would have a tendency to deceive a substantial number of relevant consumers as to the quality of the Pulse Products, because it implies that a governmental

1  organization, the Department of Transportation and/or the National Highway and Traffic
2  Safety Administration, has granted a certification and approval for the Pulse Products.

3  81. Kinetech's claim that its Pulse Products are DOT Certified and NHTSA
4  Approved would have a tendency to harm lawful companies like W&L, which make no
5  such clam because there is no certification by DOT, nor approval by NHTSA, for such
6  products.

7  82. Kinetech's claim that its Pulse Products are DOT Certified and NHTSA
8  Approved is material in its effect on the purchasing of the Pulse Products, because it
9  implies that a governmental organization, The Department of Transportation and the
10 National Highway and Traffic Safety Administration, has certified and approved the
11 Pulse Products.

12 83. Kinetech's statements that its Pulse Products are patent pending, DOT
13 Certified and NHTSA Approved evidences an intent to unfairly compete against W&L by
14 disseminating false information about the Pulse Products.

15 84. Kinetech's conduct has caused and, unless restrained and enjoined by this
16 Court, will continue to cause irreparable harm, damage and injury to W&L, either by
17 diversion of sales from W&L to Kinetech, or by a lessening of goodwill associated with
18 the W&L devices.

19 85. W&L has no adequate remedy at law.

## COUNT III

### Unfair Competition under Arizona Common Law

22 86. W&L incorporates, as fully restated herein, each of the allegations and
23 averments in the preceding paragraphs.

24 87. Kinetech's claim that a patent is pending for its Pulse Products is materially
25 false or misleading, since, upon information and belief, there is no such patent pending.

26 88. Kinetech's claim that its Pulse Products are DOT Certified is materially
27 false or misleading, since there is no such certification.

28 89. Kinetech's claim that its Pulse Products are NHTSA Approved is materially

1  false or misleading, since there is no such approval.

2  90. Each of Kinetech's statements in the three preceding paragraphs would have a tendency to deceive a substantial number of relevant consumers as to the nature or quality of the Pulse Products.

91. Kinetech's statements that its Pulse Products are patent pending, DOT Certified and/or NHTSA Approved are material in their effect on the purchasing of Pulse Products.

92. Kinetech's conduct has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to W&L, either by diversion of sales from W&L to Kinetech, or by a lessening of goodwill associated with the W&L devices.

93. W&L has no adequate remedy at law.

## COUNT IV

## False Marking under 35 U.S.C. § 292

94. Kinetech stated in commercial advertising that the Pulse Products are "patent pending," which upon information and belief is incorrect.

95. Kinetech's false marking is in violation of 35 U.S.C. § 292.

96. Kinetech's false marking caused, and continues to cause, W&L competitive injury.

97. On information and belief, Kinetech included false marking to intentionally deceive consumers and competitors.

98. Upon information and belief, Kinetech had actual knowledge of the false marking at least as a result of numerous email exchanges between the parties, and the cease and desist letter sent by W&L's attorney to Kinetech on February 25, 2013.

**WHEREFORE,** W&L demands judgment as follows:

1. Declaring that the W&L Patents are valid;

2. Declaring that one or more claims of each of the W&L Patents have been infringed by Kinetech and/or all others acting in concert therewith;

3.    Enjoining and restraining Kinetech and its customers, dealers, representatives, agents, servants, successors, assigns, employees, and all those in privity or active concert and participation with Kinetech, from directly infringing the W&L Patents, or inducing or contributing to the infringement of the W&L Patents;

4.    Requiring Kinetech to compensate W&L adequately for the damages caused by its actions together with interests and costs;

5.    Holding that, if Kinetech's infringement is found to be willful, W&L's damages be trebled pursuant to 35 U.S.C.§ 284;

6.    Holding that, if this case is found to be willful, this case will be found to be exceptional and awarding W&L its reasonable attorneys' fees and expenses against Kinetech pursuant to 35 U.S.C. § 285;

7.    A permanent injunction restraining and enjoining Kinetech, its principals, officers, directors, agents, servants, and employees, as well as any successors and/or assigns of Kinetech and all those acting in privity, concert or participation with Kinetech, from making any false statement that there is a patent pending for the Pulse Products, that the Pulse Products are DOT certified and/or the Pulse Products are NHTSA approved;

8.    A finding that Kinetech's actions constitute false advertising in violation of 15 U.S.C. § 1125;

9.    A finding that Kinetech's actions constitute unfair competition in violation of Arizona common law;

10.    A finding that Kinetech's violations herein are willful, and that this is an exceptional case pursuant to 15 U.S.C. § 1117;

11.    An award to W&L of monetary damages in an amount to be determined by the Court in its discretion as just, including all of W&L's actual damages sustained and/or all of Kinetech's profits received as a result of Kinetech's false and misleading statements;

12.    An award to W&L of monetary damages in an amount to be determined by the Court in its discretion pursuant to 35 U.S.C. § 292;

16835968

13. W&L's damages to be trebled, in view of the intentional nature of the acts complained of herein, pursuant to 15 U.S.C. § 1117;

14. An award of punitive damages under Arizona common law;

15. An award to W&L of its attorneys' fees, costs, and expenses of litigation, pursuant to 15 U.S.C. § 1117;

16. Assessing costs, other expenses and such other and further relief as the Court may deem just and proper; and

17. Any additional remedy that the Court deems just.

DATED this 28th day of March, 2013.

                        SNELL & WILMER L.L.P.


By   s/Howard Sobelman
     David E. Rogers
     Howard Sobelman
     SNELL & WILMER L.L.P.
     One Arizona Center
     400 E. Van Buren
     Phoenix, AZ  85004-2202

     and

     Robert E. Lundquist
     Law Office of Robert E. Lundquist
     510 East Eton Drive
     Oro Valley, Arizona 85704

     Attorneys for Plaintiff
     Williams & Lake, LLC

16835968

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. Rule Civ. Proc. 38(b), Williams & Lake, LLC hereby demands a jury trial on all issues raised by the Complaint herein and triable by right to a jury.

DATED this 28th day of March, 2013.

s/Howard Sobelman
Attorneys for Plaintiff
Williams & Lake, LLC
